**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

EMERY SOOS,

    Plaintiff,

v.

MEHMET OZ,

    Defendant.

\*
\*
\*
\*    Civil No. 26-1310-BAH
\*
\*

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**MEMORANDUM AND ORDER**

Plaintiff Emery Soos ("Plaintiff" or "Soos") filed the above-captioned complaint, ECF 1, and amended complaint, ECF 5, pro se together with a motion for leave to proceed in forma pauperis, ECF 2, which shall be granted.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 690 U.s. ___, 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Here, because this Court lacks subject matter jurisdiction over some of Plaintiff's claims and because

mandamus relief is otherwise unavailable, Plaintiff's amended complaint (the operative complaint), ECF 5, is subject to dismissal. Plaintiff will be directed to show cause why it should not be dismissed.

Plaintiff brings suit against Dr. Mehmet Oz in his official capacity as Administrator of the Centers for Medicare and Medicaid Services (CMS). *See* ECF 5, at 1. Plaintiff alleges that in 2023, he received healthcare services at Santa Fe Convalescent Hospital, Inc. (hereinafter the "Provider"), which appears to be located in California.[1] *Id.* at 2 ¶ 6. He alleges that Medicare paid the bill for those services in the amount of $37,879.93. *Id.* Plaintiff contends that despite federal law preventing the Provider from charging him for those services received, the Provider obtained a judgment against Plaintiff in the amount of $34,675.81 in the Superior Court of California, County of Los Angeles. *See id.* ¶ 8; *see also id.* at 5–8 (screenshots of claims from medicare.gov purporting to show claims paid), *id.* at 9–10 (minute order for prove up hearing in *Sante Fe Convalescent Hospital, Inc. v. Soos*, Case No. 24STLC06281 (Sup. Ct. Cal., Cnty. of Los Angeles), where judgment was entered against Soos on March 24, 2026). Plaintiff brings three counts in this suit. *See id.* at 2–3 ¶¶ 10–14. First, Plaintiff brings a mandamus count, in which he appears to ask this Court to compel CMS to recover payments from the Provider and to terminate its agreement with the Provider for its purportedly unlawful debt collection. *Id.* at 2 ¶¶ 10–11. Second, Plaintiff brings a claim for declaratory relief based on federal preemption, requesting "a declaration that the state court judgment is void" under the Supremacy Clause of the United States Constitution. *Id.* at 3 ¶ 12. Finally, Plaintiff brings a claim for preliminary and permanent

---

[1] The Provider is not named as a defendant to this action. *See generally* ECF 5. The Court is skeptical that it would possess personal jurisdiction over the Provider, which appears to be located in California and where the events underlying Plaintiff's claims took place. Plaintiff brought suit in this Court against CMS because CMS is located in this District. *See id.* at 2 ¶ 4.

injunctive relief, asserting that he "will suffer irreparable harm through the unlawful seizure of fixed income and the permanent damages of credit" and that the balance of equities favors him "as the Provider has already been paid by the federal government and has no legal right to additional funds." *Id.* ¶¶ 13–14.

Plaintiff's complaint essentially asks this Court to do two things: (1) overturn the California state court judgment and (2) recover the payments made to the Provider and compel the termination of the Provider's agreement with CMS. Plaintiff's claims challenging the California judgment are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars federal courts from sitting "in direct review of state court decisions." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983) (quoting *Atlantic Coast Line R. Co. v. Brotherhood. of Locomotive Engineers*, 398 U.S. 281, 296 (1970)). The following requirements must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state-court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Great Western Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (noting that the second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim). If applicable, the federal court lacks subject matter jurisdiction over the federal plaintiff's claims and the claims must be dismissed. *See Feldman*, 460 U.S. at 476; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). "[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (citing *Exxon Mobil Corp.*, 544 U.S. at 280 (2005)).

3

This doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court decision. *Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004) (citations omitted). "A federal claim is 'inextricably intertwined' with a state court decision if 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" *Id.* (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)); *see also Curley v. Adams Creek Assocs.*, 409 F. App'x 678, 680 (4th Cir. 2011) (holding that *Rooker-Feldman* precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (holding that a federal claim is "inextricably intertwined" where "in order to grant the federal . . . relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual" (quoting *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997))).

Here, a judgment was recently entered against Plaintiff in the Superior Court of California before Plaintiff filed the instant action. Plaintiff asks that this Court declare that judgment void. He also asserts that he will be harmed by "the unlawful seizure of fixed income and the permanent damaging of credit," if he is made to pay the California judgment. ECF 5, at 3 ¶ 13. The *Rooker-Feldman* doctrine thus squarely applies to Plaintiff's claims, and this Court is without subject matter jurisdiction to review them. Plaintiff may challenge the judgment through the appropriate appellate procedures in the California court.

As to Plaintiff's mandamus claim against CMS, Plaintiff contends that 42 C.F.R. § 401.305 imposes on CMS a duty "to recover overpayments," and 42 U.S.C. § 1395cc imposes a duty "to terminate agreements [with providers] for federal law violations." *Id.* at 2 ¶ 10. "Mandamus is a

4

'drastic' remedy that must be reserved for 'extraordinary situations' involving the performance of official acts or duties." *Cumberland Cnty. Hosp. Sys., Inc. v. Burwell*, 816 F.3d 48, 52 (4th Cir. 2016) (quoting *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976)). "Courts provide mandamus relief only when (1) petitioner 'has no other adequate means to attain the relief it desires'; (2) petitioner has shown a 'clear and indisputable' right to the requested relief; and (3) the court deems the writ 'appropriate under the circumstances.'" *In re Murphy-Brown, LLC*, 907 F.3d 788, 788 (4th Cir. 2018) (quoting *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–81 (2004)) (cleaned up). "[M]andamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts." *Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998) (citations omitted). "A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment." *Id.* n.6 (citation omitted)

Neither the regulation nor the statute Plaintiff cites confer on him such a clear and indisputable right. 42 C.F.R. § 401.305 governs overpayments, but it discusses only the obligations of a person who has received an overpayment, not the obligations of CMS. Nor does Plaintiff have a clear and indisputable right to the termination of the agreement, even assuming the Provider did violate federal law. *See New Jersey Speech-Language-Hearing Ass'n v. Prudential Ins. Co. of Am.*, 551 F. Supp. 1024, 1035 (D.N.J. 1982) (finding mandamus relief not warranted where plaintiff sought to compel reimbursement and the termination of a provider's contract with the Department of Health and Human Services (HHS) based on provider's alleged failure to fulfill duties because "it [wa]s clear that [the HHS] defendants [were] not plainly violating a clear legal obligation owed to plaintiffs"), *aff'd,* 724 F.2d 383 (3d Cir. 1983). Section 1395cc commits to agency discretion the decision to terminate an agreement with a provider for noncompliance. *See*

5

42 U.S.C. § 1395cc(b)(2) ("The Secretary *may* refuse to enter into an agreement under this section or, upon such reasonable notice to the provider and the public as may be specified in regulations, *may* refuse to renew or *may* terminate such an agreement after the Secretary" has made certain determinations. (emphasis added)); *cf. New Jersey Speech-Language- Hearing Ass'n*, 551 F. Supp. at 1035 ("HHS is empowered to terminate [defendant provider] as an intermediary only if it finds that [defendant provider] is substantially failing to perform its duties as an intermediary or that [defendant provider's] retention as an intermediary is leading to inefficient administration of the Medicare program. . . . Even in these situations, HHS is not required to terminate a provider's contract." (citing 42 U.S.C. § 1395h(g)(2))).  Because Plaintiff does not have a clear and undisputed right to the relief sought, mandamus relief may not issue.  *See Shipkovitz v. Dovenmuehle Mortg., Inc.*, Civ. No. PX 16-0712, 2016 WL 6803771, at *4 (D. Md. Nov. 17, 2016) (mandamus relief not warranted because "decision to investigate a complaint" not a ministerial duty owed by the Consumer Financial Protection Bureau to plaintiff).

In addition to its "inherent authority" to dismiss "frivolous complaints," *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014), a court can also dismiss a complaint sua sponte for failure to state a claim, *Webb v. EPA*, 914 F.2d 1493 (Table) (4th Cir. 1990).  However, "district courts may only exercise their authority to sua sponte dismiss inadequate complaints if the procedure employed is fair to the parties.  Namely, the party whose complaint stands to be dismissed must be afforded notice and an opportunity to amend the complaint or otherwise respond."  *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021) (affirming district court's sua sponte dismissal because plaintiff could not plausibly allege a constitutional violation so dismissal without notice was harmless).  The Court will therefore direct Plaintiff to show cause why the amended complaint should not be dismissed.  Plaintiff is

6

forewarned that failure to show cause will result in dismissal of the complaint without further warning.

Accordingly, it is this 7th day of April, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, ECF 2, is GRANTED;

2. Plaintiff is DIRECTED to SHOW CAUSE by April 24, 2026, why the operative complaint (ECF 5) should not be dismissed;

3. Plaintiff  IS FOREWARNED that failure to comply with this order in the time specified will result in dismissal of this case without further notice; and

4. The Clerk SHALL PROVIDE a copy of this order to Plaintiff.


_____/s/_____
Brendan A. Hurson
United States District Judge
